**Tarsem TANDON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71995.

BIA No. A79–560–208.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2004.*

Decided Jan. 18, 2005.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Laguna Niguel, CA, Bryan S. Beier, Douglas E. Ginsburg, Esq., Lyle D. Jentzer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM **

Tarsem Tandon, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of his requests for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's determination unless the evidence compels a contrary result. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

The BIA made "no determination with regard to the Immigration Judge's credibility determination." In such instances, we accept the petitioner's testimony as true. *See Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir.2004). Tandon suffered two incidents of arrest and beating by the Indian police. In 1987, Tandon, a Hindu, was wrongly accused of supporting the Sikh militants after he was forced to shelter the militants in his home for one night. His home was set on fire by the local police and some of his household articles were burned. A week later, he was arrested and beaten by the police. Tandon provided few details about the beatings by the police, or details of any resulting injuries. After he was released from police custody,

Tandon moved and lived peacefully without incident for the next 13 years. In 2000, two Sikh militants entered his shop, and the police again wrongly accused him of supporting militants, arrested him, and beat him. Tandon provided few details of this beating or details of any resulting injuries. Shortly after the second incident, Tandon left India and traveled to Mexico City, and soon thereafter entered this country without inspection.

Tandon did not provide specific testimony regarding any harm awaiting him upon his return to India. He testified that the police were still looking for him and he feared the police might harass him or file a case against him.

From this record, the evidence does not compel the conclusion that the two incidents, separated by 13 years of peaceful existence in India, rose to the level of persecution on account of an imputed political opinion. *See Padash v. INS*, 358 F.3d 1161, 1166 (9th Cir.2004). Nor does the evidence compel the conclusion that Tandon has an objectively reasonable fear of persecution upon his return to India. *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because Tandon failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

We do not consider Tandon's Convention Against Torture claim because he failed to raise this issue before the IJ and the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.